IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Louis Brown, | Case No. 1:25-cv-00834 |
|     Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| American Economy Insurance Company, dba Safeco Insurance. | MEMORANDUM OPINION & ORDER |
|     Defendant. | |

Currently pending before the Court is Defendant American Economy Insurance Company, dba Safeco Insurance's ("Defendant" or "American Economy") Motion to Dismiss, filed on May 2, 2025 ("Defendant's Motion"). (Doc. No. 6.)  On May 27, 2025, Plaintiff Louis Brown ("Plaintiff" or "Brown") filed a Combined Motion in Opposition to Defendant's Motion and Notice of Plaintiff's Counter-Settlement Position ("Plaintiff's Response"). (Doc. No. 10.)  On June 3, 2025, American Economy filed a Reply in Support of Defendant's Motion ("Defendant's Reply"). (Doc. No. 11.) For the reasons set forth below, Defendant's Motion is GRANTED.

I.  **Factual Allegations**

Plaintiff's Complaint sets forth the following allegations.  Plaintiff entered into a valid insurance contract with American Economy under policy number OK7319825, which included coverage for water damage, wind damage, and related perils. (Doc. No. 1-1, PageID # 5.)  On three separate occasions, Plaintiff suffered losses covered under the policy:  a. Claim #058695529 (January 23, 2025) – Water damage due to sewer backup.  b.  Claim #057400285 (July 17, 2024) – Water damage due to HVAC/plumbing issue.  c.  Claim #054247731 (July 20, 2023) – Wind damage. (*Id.*)

Plaintiff timely filed claims and provided all necessary documentation, including damage assessments, photographs, and repair estimates. (*Id.*) Defendant failed to pay any of the claims, despite clear policy coverage and proof of loss. (*Id.*) Defendant initially authorized water cleanup for Claim #058695529 but later canceled the service without justification. (*Id.*) Defendant has failed to communicate with Plaintiff regarding claim determinations, ignoring numerous inquiries and failing to provide reasonable justification for denying or delaying payments. (*Id.*)

Plaintiff has suffered substantial property loss, structural damage, and health complications due to Defendant's refusal to provide coverage. (Doc. No. 1-1, PageID # 6.) Plaintiff has a chronic lung condition and a history of heart transplants and the black mold and toxic smells from the water damage have exacerbated his medical issues, requiring him to vacate his home and incur additional living expenses. (*Id.*) Defendant refused to provide temporary housing despite policy provisions requiring reasonable accommodations for displacement due to covered losses. (*Id.*)

Plaintiff's Complaint sets forth three claims for relief: Count I - Breach of Contract; Count II – Bad Faith Insurance Practices; and Count III – Violation of Ohio Consumer Sales Practices Act.

## II.   Procedural History

On April 25, 2025, Defendant filed a Notice of Removal from the Cuyahoga County Court of Common Pleas and attached thereto the state court pleadings to include Plaintiff's Complaint. (Doc. Nos. 1, 1-1.)[1] On April 29, 2025, the Court referred this matter to Magistrate Judge Armstrong for pretrial supervision, not to include resolution of dispositive motions. (Doc. No. 4.) On May 2, 2025, American Economy filed its Answer to the Complaint and Defendant's Motion. (Doc. Nos. 5, 6.) In

---

[1] The Cuyahoga County Court of Common Pleas Docket, case number CV114198, demonstrates that Plaintiff's Complaint was filed there on March 21, 2025.

2

Defendant's Motion, American Economy seeks dismissal of two of the claims asserted by Plaintiff: 1.) the breach of contract claim for Claim No. 054247731 arising from the wind damage loss that occurred on July 20, 2023; and 2.) Count III – Violation of Ohio Consumer Sales Practices Act. [2] (Doc. No. 6, PageID #s 54-55.) On May 27, 2025, Brown filed Plaintiff's Response, and on June 3, 2025 American Economy filed a Reply in support of Defendant's Motion. (Doc. Nos. 10, 11.) Accordingly, Defendant's Motion is ripe for a decision.

### III. Standard of Review

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). For purposes of both Rule 12(b)(6) and Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic*

---

[2] In Defendant's Motion and Reply, American Economy refers to Ohio R. Civ. P. 12(B)(6), instead of Fed. R. Civ. P. 12(b)(6) and cites Ohio case law interpreting and applying that Ohio rule. (Doc. No. 6, PageID #s 54, 56; Doc. No. 11, PageID # 209-10.) American Economy is reminded that it removed the case to this Court and Ohio Rules of Civil Procedure have no application to this matter. The Court will evaluate Plaintiff's Complaint under the Standard of Review applicable to Fed. R. Civ. P. 12(b)(6).

3

*Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555–56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

The Court notes that Plaintiff, acting *pro se*, drafted the Complaint, and that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). As this case involves a *pro se* complaint, the Court will therefore apply a liberal construction.

IV.   Analysis

As a preliminary matter, the Court determines the materials that it may consider in resolving Defendant's Motion. In ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 426, 430; *see also Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 694 (6th Cir. 2018); *Write Start Early Christian Educ. Center, LLC v, Nat'l Fire & Marine Ins.*, 836 Fed. Appx. 362, 364 (6th Cir. 2020) (where the Sixth Circuit found that the district court had properly dismissed the complaint upon reviewing the insurance policy that included a two-year limitations period that the defendant had "legitimately" incorporated into its motion to dismiss). In Plaintiff's Complaint, Brown refers to the insurance policy issued to him by American Economy and attaches to Plaintiff's Complaint copies of email and letter correspondence by and between him and American Economy and Declarations pages associated with policy number OK7319825.[3] (Doc. No. 1-1, PageID #s 15-34.) Indeed, the policy is central to Brown's claims, was specifically referred to in Plaintiff's Complaint and is the premise of Brown's lawsuit.

---

[3] "The law is clear that courts may consider a document which was attached to the complaint in determining whether dismissal is proper." *DG Gas, LLC v. TA Franchise Systems LLC*, 2025 WL 814928 at *5 n.6 (N.D. Ohio Mar. 14, 2025) (citing *Cates v. Crystal Clear Technologies, LLC*, 874 F.3d 530, 536 (6th Cir. 2017)); *Detrick v. KCS International Inc.*, 781 F. Supp. 3d 588, 642 (N.D. Ohio 2025) (citing Fed. R. Civ. P. 10(c)) ("[A] copy of any written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Since Brown filed the Complaint and attachments thereto *pro se*, the Court has reviewed the same with particular interest in evaluating whether any of the attachments demonstrate any waiver or estoppel by American Economy of the one-year limitations period applicable to the wind damage loss/claim. Brown's attachments include declarations pages of the Policy issued to him by American Economy for the years June 1, 2023 to June 1, 2024 and June 1, 2024 to June 1, 2025, and notices of certain changes or amendments made thereto at the request of Brown associated with the mortgage serving company and identity of the first mortgagee. The reservation of rights letters sent by American Economy to Brown cite the one-year limitations period, but these reservations of rights letters are associated only with the January 23, 2025 water damage loss referred to in Plaintiff's Complaint as Claim #058695529. (Doc. No. 1-1, PageID #s 15-23.) Therefore, they have no bearing on the issue of whether the one-year limitation for filing suit requires dismissal of Brown's wind damage loss that is the subject of Defendant's Motion. Indeed, the correspondence attached to the Complaint does not include any representations regarding the July 20, 2023 wind loss, much less any that could be construed as indicating any waiver or estoppel of the one-year suit limitation by American Economy.

Attached to Defendant's Motion as Exhibit 1 are an Affidavit of Jodi Christian, Archivist of American Economy certifying that the copy of the policy of insurance, number OK7319825 issued to Named Insured, Louis Brown, and endorsements, in effect from June 1, 2023 to June 1, 2024 is a true and accurate recital of all of the provisions in the original policy and endorsements attached thereto ("the Policy"); and the certified copy of the Policy. (Doc. No. 6-1, PageID #s 62-183.)

Accordingly, the Court can and will consider the certified copy of the Policy attached to Defendant's Motion as Exhibit 1 in evaluating Defendant's Motion.

**A.     Defendant's argument that Plaintiff's breach of contract claim for Claim No. 054247713 is barred by the one-year suit provision is well-taken and GRANTED.**

American Economy argues that Plaintiff's breach of contract claim for Claim No. 054247713 should be dismissed because: according to Plaintiff's Complaint, the loss to the insured property from the wind damage alleged by Plaintiff occurred on July 20, 2023; there is a policy provision requiring Brown to have filed suit against it within one year of the loss or by July 20, 2024; Plaintiff's Complaint was filed on March 21, 2025 or more than one year after the July 20, 2023 loss; and therefore, the claim is barred by the one-year time limitation and Brown is not entitled to coverage for that claim.

In Plaintiff's Response, Brown contends that he provided timely notice and cooperated fully with American Economy's inspections and that the "suit limitation clause" is "questionable." (Doc. No. 10, PageID # 204.) Brown asserts that Defendant's Motion "relies on contested factual issues and policy interpretations not appropriate for adjudication at the pleading stage." (*Id*., PageID # 205.) Brown submits that "[d]ismissal under Fed. R. Civ. P. 12(b)(6) is only proper where there is no plausible claim for relief on the face of the complaint." (*Id.*) According to Brown, he has alleged property loss events and timely and reasonable notice of the property losses, and Defendant's failure

6

to pay under the policy. Brown asserts that his claims "are supported by documentation, photo evidence, and communications from the insurer." (*Id.*)

In Defendant's Reply, American Economy argues that in Plaintiff's Response, Brown "attempts to frame the timeliness issue as a factual dispute, but it is not" and reiterates its request to this Court that it apply the "unambiguous policy language" of the one-year limitation for bringing suit to dismiss Brown's July 20, 2023 wind loss claim. For the following reasons, the Court finds that the wind loss claim is barred by the one-year suit provision and must be dismissed.

As an initial matter, in making the argument that the July 20, 2023 wind loss claim should be dismissed based upon a specific policy provision, i.e., the one-year suit limitation, in its briefing American Economy cites "Exhibit 1" which consists of 123 pages. It does not cite to the specific portion of the Policy where the one-year suit limitation applicable to the July 20, 2023 alleged loss is set forth. This Court should not have to peruse 123 pages of an Exhibit to determine where the applicable provision is located. *See, e.g.*, *Eller Media Co. v. City of Cleveland*, 161 F. Supp. 2d 796, 811 (N.D. Ohio 2001) ("[T]his Court does not have the burden to conduct a blanket review of nearly one hundred pages merely generally referred to by Defendant as supporting its position in order to ascertain whether those exhibits do, in fact, support Defendant's position."). But after expending time to do so, the Court located the applicable policy provision within Defendant's Exhibit 1.

The Policy in effect from June 1, 2023 to June 1, 2024 is the policy that was in force at the time of the July 20, 2023 wind loss claimed by Brown. **SECTION I-PROPERTY CONDITIONS** includes the following condition: "**8. Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions and the action is started within one year after the inception of the loss or damage." (Doc. No. 6-1, PageID #s 101-04.)

Ohio enforces a one-year contractual limitation period for bringing suit under a homeowners' policy when the language of the limitation period is clear and unambiguous. *Hounshell v. Am. States Ins. Co.*, 424 N.E.2d 311, 313 (Ohio 1981); *Dominish v. Nationwide Ins. Co.*, 953 N.E.2d 820, 822 (Ohio 2011). However, in *Hounshell*, syllabus, the Ohio Supreme Court stated, "'An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired.'" *Dominish*, 953 N.E.2d at 822 (quoting *Hounshell*, 424 N.E.2d at 311, syllabus).

The language of the one-time contractual limitation in the American Policy is almost identical to the one-year contractual limitation that the Court in *Dominish* found to be clear and unambiguous. Accordingly, the American Economy policy provision is clear and unambiguous. The only remaining issue as to enforcement of this condition to bar Brown's wind loss claim is whether there are any allegations in the Complaint or indications or language in the attachments that can be construed as indicating that American Economy waived the condition. There are none. Indeed, Plaintiff's Complaint and attachments thereto do not contain any allegations, theories or facts indicating the one-year limitation condition does not or should not apply. Accordingly, the Court finds that Brown's wind loss claim is barred by the one-year limitation condition, and it is dismissed with prejudice.

**B. Defendant's argument that Count Three of Plaintiff's Complaint must be dismissed because the OCSPA is inapplicable to insurance contracts is well-taken and GRANTED.**

In Count III of Plaintiff's Complaint, Brown claims that Defendant's conduct constitutes an unfair or deceptive act under Ohio's Consumer Sales Practices Act, Ohio Rev. Code §§ 1345.02 and

1345.03; that Defendant engaged in unfair practices by accepting insurance premiums while systematically denying valid claims without justification; and Defendant's actions constitute consumer fraud, entitling Plaintiff to treble damages and attorney fees. (Doc. No. 1-1, PageID # 6.)

However, the OCSPA does not include within its definition of "consumer transactions" transactions with insurance companies. *Id.* § 1345.01(A). Specifically, pursuant to § 1345.01(A), one of the "persons" excluded from the OCSPA is an "insurance company" as defined in relevant part in Ohio Rev. Code § 5725.01(C) as "every corporation, association, and society engaged in the business of any character, or engaged in the business of entering into contracts substantially amount to insurance of any character…." *Id.* § 5725.01; *Bernard v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2009 WL 2413922 at *1 (N.D. Ohio Aug. 5, 2009). American Economy is correct when it asserts that "Ohio courts interpreting the OCSPA 'have routinely ruled that insurance coverage disputes are not consumer transactions recognized under the OCSPA.'" *Id.* (collecting cases). (Doc. No. 6, PageID # 59.) Accordingly, Plaintiff's OCSPA claim set forth in Count III against American Economy, the insurance company that issued a policy of homeowners' insurance to Brown, which policy forms the basis for his lawsuit, must be dismissed.

## V.     Conclusion

For the reasons set forth above, Defendant's Motion is GRANTED. Plaintiff's claim for the wind damage loss that occurred on July 20, 2023 and identified as Claim No. 054247731 in Plaintiff's Complaint is DISMISSED WITH PREJUDICE. Also, Count III of Plaintiff's Complaint is DISMISSED WITH PREJUDICE

**IT IS SO ORDERED.**

Date:  October 20, 2025

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE