**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Louis D. Brown III,** | **Case No. 1:25-cv-00834** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **American Economy Insurance Company** | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Plaintiff Louis D. Brown III's ("Plaintiff") Motion for Leave to File Sur-Reply and Proposed Sur-Reply in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 28), Motion for Leave to Supplement the Record with Public Records and for Extension of Time to File Same (Doc. No. 29), Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings (Doc. No. 30), and Motion to Issue Subpoenas (Doc. No. 32) (collectively, "Plaintiff's Motions").  Defendant American Economy Insurance Company ("Defendant") filed an Omnibus Memorandum in Opposition to Plaintiff's Pending Motions ("Opposition").  (Doc. No. 31.)  For the following reasons, Plaintiff's Motions are denied.

## I.    Background

On March 21, 2025, Plaintiff, proceeding *pro se,* filed the Complaint in the Cuyahoga County Court of Common Pleas.  (Doc. No. 1-1.)  Therein, he asserted claims for breach of contract, bad faith insurance practices, and violation of the Ohio Consumer Sales Practices Act.  (*Id.*)  Plaintiff's Complaint sets forth the following allegations.  "Plaintiff entered into a valid insurance contract with Defendant under policy number OK7319825, which included coverage for water damage, wind

damage, and related perils" at his property located at 2184 East 82nd Street, Cleveland, Ohio, 44103 (the "Property"). (Doc. No. 1-1, PageID# 8, ¶ 5, PageID# 25.) "On three separate occasions, Plaintiff suffered losses covered under the policy: a. Claim #058695529 (January 23, 2025) – Water damage due to sewer backup. b. Claim #057400285 (July 17, 2024) – Water damage due to HVAC/plumbing issue. c. Claim #054247731 (July 20, 2023) – Wind damage." (*Id*. at PageID# 8, ¶ 6.)

"Plaintiff timely filed claims and provided all necessary documentation, including damage assessments, photographs, and repair estimates." (*Id*. ¶ 7.) "Defendant failed to pay any of the claims, despite clear policy coverage and proof of loss." (*Id*. ¶ 8.) "Defendant initially authorized water cleanup for Claim #058695529 but later canceled the service without justification." (*Id*. ¶ 9.) "Defendant has failed to communicate with Plaintiff regarding claim determinations, ignoring numerous inquiries and failing to provide reasonable justification for denying or delaying payments." (*Id*. ¶ 10.)

"Plaintiff has suffered substantial property loss, structural damage, and health complications due to Defendant's refusal to provide coverage." (Doc. No. 1-1, PageID# 9, ¶ 11.) "Plaintiff has a chronic lung condition and a history of heart transplants and the black mold and toxic smells from the water damage have exacerbated his medical issues, requiring him to vacate his home and incur additional living expenses." (*Id*. ¶ 12.) "Defendant refused to provide temporary housing despite policy provisions requiring reasonable accommodations for displacement due to covered losses." (*Id*. ¶ 13.)

On April 25, 2025, Defendant removed the action to this Court under its diversity jurisdiction. (Doc. No. 1.)  On April 29, 2025, the Court referred this matter to Magistrate Judge Armstrong for pretrial supervision, not including resolution of dispositive motions.  (Doc. No. 4.)  On May 2, 2025,

Defendant filed its Answer to the Complaint and its Motion to Dismiss.  (Doc. Nos. 5, 6.)

In its Motion to Dismiss, Defendant sought dismissal of two claims asserted by Plaintiff: (1) the breach of contract claim for Claim No. 054247731 arising from the wind damage loss that occurred on July 20, 2023; and (2) Count III – Violation of Ohio Consumer Sales Practices Act. (Doc. No. 6, PageID#s 54-55.)  On May 27, 2025, Plaintiff filed his brief in opposition, to which Defendant replied on June 3, 2025.  (Doc. Nos. 10, 11.)  On October 20, 2025, this Court issued an order granting Defendant's Motion to Dismiss.  (Doc. No. 15.)  As a result, only Plaintiff's breach of contract claim as it relates to Claim No. 058695529 (January 23, 2025) and Claim No. 057400285 (July 17, 2024) and his claim for bad faith insurance practices remain.  (*Id*.)

On June 12, 2025, Judge Armstrong held a case management conference and ordered that all fact discovery was to be completed by November 7, 2025 and all expert discovery was to be completed by December 16, 2025.  (Doc. No. 12.)  On November 7, 2025, Defendant requested that the fact discovery deadline be extended to December 8, 2025, and the Magistrate Judge granted this request.  (Doc. No. 19); Non-Doc dated Dec. 1, 2025.

On January 13, 2026, Defendant filed the Motion for Summary Judgment, and Plaintiff filed the Opposition to Defendant's Motion to Summary Judgment on January 26, 2026.  (Doc. Nos. 23, 25.)  That same day, Plaintiff also filed his Supplemental Notice and Update Regarding Pending Public Records Request in Opposition to Summary Judgment.  (Doc. No. 26.)  On February 9, 2026, Defendant filed its Reply in Support of Motion for Partial Summary Judgment (the "Reply").  (Doc. No. 27.)  On February 13, 2026, Plaintiff filed the Motion for Leave to File Sur-Reply and Proposed Sur-Reply in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 28), Motion for Leave to Supplement the Record with Public Records and for Extension of Time to File Same (Doc.

3

No. 29), and the Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings (Doc. No. 30).  On February 27, 2026, Defendant filed the Omnibus Memorandum in Opposition to Plaintiff's Pending Motions ("Opposition").  (Doc. No. 31.)  On April 27, 2026, Plaintiff filed the Motion to Issue Subpoenas (Doc. No. 32) (collectively, the "Motions").  For the reasons set forth below, this Court denies Plaintiff's Motions.

## II.    Analysis

### A.  Motion for Leave to File Sur-Reply (Doc. No. 28)

In the Motion for Leave to File Sur-Reply, Plaintiff argues that this Court should grant him leave to file a sur-reply because Defendant's Reply "(1) [r]eframes the residency issue as dispositive; (2)[r]elies heavily on Rule 36 admissions without addressing surrounding circumstances; (3) [a]rgues waiver of issues not fully developed in its initial motion; and (4) [s]eeks to strike Plaintiff's supplemental filing on procedural grounds."  (Doc. No. 28, PageID# 583) (cleaned up).  Plaintiff argues the "fundamental fairness requires that Plaintiff be permitted a brief response," and attaches his proposed sur-reply thereto.  (*Id*. at PageID#s 583-86.)  In its Opposition, Defendant argues that it did not raise new arguments or present any new evidence in its Reply.  (Doc. No. 31, PageID# 604.)  Rather, Defendant contends that the Reply "addressed issues squarely raised by Plaintiff's opposition, including policy exclusions, lack of evidence of a covered loss, Plaintiff's non-residency at the insured property, and the binding effect of Plaintiff's Rule 36 admissions."  (*Id*.)  Accordingly, Defendant asks this Court to deny Plaintiff's Motion for Leave to File Sur-Reply, noting that "[e]mphasizing dispositive facts already present in the record does not justify a sur-reply."  (*Id*.)

This Court agrees with Defendant.  "Although the Federal Rules of Civil Procedure do not

expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 Fed. Appx. 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)); *accord Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) ("This Court grants leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply."). On the other hand, when a reply does not include new arguments or evidence, a sur-reply is "an impermissible attempt to have the last word." *Attractive Surgical, LLC v. Cleveland Clinic Found.*, 2019 WL 11075734, at *4 (N.D. Ohio Oct. 31, 2019).

First, as to Plaintiff's argument that he is entitled to file a sur-reply because Defendant "[r]eframes the residency issue as dispositive," Defendant properly presented this argument in the Motion for Summary Judgment, writing that "[b]ecause Plaintiff did not reside at the Property at the time of the Claims, the Policy would not provide coverage for the Claim – even if the damages were otherwise covered." (Doc. No. 28, PageID# 583). *Compare* (Doc. No. 23, PageID# 434) *with* (Doc. No. 27, PageID# 577.) Second and similarly, in the Motion for Summary Judgment, Defendant grounds its residency argument in Plaintiff's Rule 36 admissions. *Compare* (Doc. No. 23, PageID# 436) *with* (Doc. No. 27, PageID# 577.) So, it does not present a new argument in the Reply. In the Motion for Leave to File Sur-Reply, Plaintiff argues that Defendant's reliance on Rule 36 admissions fails to account for surrounding circumstances, but Plaintiff had ample opportunity to provide context for this argument in its Opposition and thus is not entitled to file a sur-reply to respond now. Third, Plaintiff contends that in the Reply, Defendant "[a]rgues waiver of issues not fully developed in its initial motion." (Doc. No. 28, PageID# 583). Defendant's argument as to Plaintiff's purported failure

to address some of the points raised in Defendant's Motion does not present a new argument.  When this Court adjudicates the Motion for Summary Judgment, it will review the merits of Defendant's waiver argument, but Plaintiff will not now be given a second bite at the apple to cure any alleged deficiencies in his Opposition.  Fourth, in the Reply, Defendant argues that this Court should disregard Plaintiff's Supplemental Notice (Doc. No. 26).  Plaintiff's Supplemental Notice and Update Regarding Pending Public Records Request in Opposition to Summary Judgment was filed *after* Defendant filed the Motion for Summary Judgment and as the title of the filing indicates, it was filed in opposition to Defendant's Motion for Summary Judgment.  Thus, Defendant was correct to respond to that filing.  Defendant's request to file a sur-reply as to that issue is moot because as this Court will soon discuss, it declines to re-open discovery.[1]  Thus, for the reasons set forth above, this Court denies the Motion for Leave to File Sur-Reply (Doc. No. 28).

**B.  Motion for Leave to Supplement the Record with Public Records and for Extension of Time to File Same (Doc. No. 29) and Motion to Issue Subpoenas (Doc. No. 32)**

In the Motion for Leave to Supplement the Record, Plaintiff asks that this Court grant him leave "to supplement the record with public records [that he] recently obtained from the City of Cleveland."  (Doc. No. 29, PageID# 587.)  He states that he submitted a formal request for these records, which related to a sewer backup at the Property on January 14, 2026.  (*Id.*)  Plaintiff also seeks an extension of time to file these documents because he is still working with the City of Cleveland to obtain them.  (*Id.*)  Two months after he filed the Motion for Leave to Supplement the Record, Plaintiff filed the Motion to Issue Subpoenas, where Plaintiff asks this Court to issue subpoenas to the City of Cleveland so that he could obtain this information.

---

[1] Later, this Court assesses the merits of Plaintiff's Motion for Leave to Supplemental the Record (Doc. No. 29).  That motion was filed after the Reply, so Plaintiff had ample opportunity therein to address any qualms he had as to Defendant's argument that this Court should disregard his Supplemental Notice.

6

Defendant did not file a response to the Motion to Issue Subpoenas, but it did respond to the Motion for Leave to Supplement the Record.  *See* (Doc. No. 31.)  In the Opposition, Defendant argues that Rule 56 of the Federal Rules of Civil Procedure "does not allow a party to reopen the record simply because summary judgment has revealed the weakness of his case."  (*Id*. at PageID# 604) (citing *Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 806 (N.D. Ohio 2024) (Calabrese, J.). Defendant maintains that "[g]ranting this motion would prejudice Defendant by forcing it to respond to piecemeal evidence after briefing has closed and after discovery has ended." (*Id*.)  For the reasons set forth below, the Court denies Plaintiff's Motion for Leave to Supplement the Record and the Motion to Issue Subpoenas (Doc. Nos. 29, 32.)

This Court agrees with Defendant.  Under Fed. R. Civ. P. 16(b)(4), a case management scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks omitted).  "A court should also consider whether the non-moving party is prejudiced by the proposed modification of a scheduling order."  *Prewitt v. Hamline Univ*., 764 Fed. Appx. 524, 530 (6th Cir. 2019).  "Although the Court has broad discretion to modify its own pretrial orders, '[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings,' and ... pretrial scheduling orders are 'the essential mechanism for cases becoming trial ready in an efficient, just, and certain matter.'"[2] *Progressive Cnty. Mutual Ins.*

[2] The Sixth Circuit considers the following five factors when determining whether a district court abused its discretion by declining to modify a discovery schedule: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to ... prior discovery requests." *Bentowski v. Scene Mag.*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)).  *See also Est. of Rodriguez v. United States*, 722 Fed. Appx. 409, 412 (6th Cir. 2018).

*Co. v. Goodyear Tire & Rubber Co.*, 2021 WL 2043192, at * 7 (N.D. Ohio May 21, 2021) (quoting *Ruiz-Bueno v. Scott*, 2014 WL 347041, at *2 (S.D. Ohio Jan. 30, 2014)) (quoting *Rouse v. Farmers State Bank*, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994)).

This Court declines to re-open discovery because Plaintiff has failed to show good cause for extending the discovery deadline.  Fact discovery closed on December 8, 2025.  *See* (Doc. No. 19); Non-Doc dated Dec. 1, 2025.  Yet Plaintiff did not request the public records from the City of Cleveland until January 14, 2026.  (Doc. No. 29, PageID# 587.)  In the motion, Plaintiff does not explain why he waited until after the close of discovery to make this request, and in his Supplemental Notice he merely represents that he did not previously know that these records existed.  (Doc. No. 26, PageID# 566.)  Granting Plaintiff's Motion for Leave to Supplement the record would prejudice Defendant as it has already drafted and filed its Motion for Summary Judgment and according Reply. *See* (Doc. Nos. 23, 27.)  Furthermore, both the Motion for Leave to Supplement with the Motion to Issue Subpoenas indicate that Plaintiff lacks access to these purportedly pivotal records and would need a Court-issued subpoena to obtain this information, which would further prejudice Defendant by unduly delaying the progress of this case.  For these reasons, this Court finds that Plaintiff's request to re-open to discovery is not supported by good cause.

Plaintiff does not invoke Federal Rule of Civil Procedure 56(d) in the Motion for Leave to Supplement the Record but does raise this argument in Plaintiff's Supplemental Notice and Update Regarding Pending Public Records Request in Opposition to Summary Judgment (Doc. No. 26). Since he is proceeding *pro se*, this Court will examine the arguments raised in Plaintiff's Supplemental Notice as to whether Rule 56(d) provides a valid basis upon which he can seek additional discovery.  In Plaintiff's Supplemental Notice, Plaintiff argues that the "municipal records

are highly material to the central disputed issue in this case—whether the loss was caused by a sudden sewer backup or by long-term seepage or deterioration." (Doc. No. 26, PageID# 565.)  He contends that he "acted promptly and in good faith by submitting this records request immediately upon learning that City-side documentation may exist." (*Id*. at 566.)  This Court finds that Rule 56(d) does not present Plaintiff with a valid basis for re-opening discovery.

> Rule 56(d) provides that:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> > (3) issue any other appropriate order. Fed. R. Civ. P. 56(d).

"The purpose behind Rule 56(d) is to ensure that plaintiffs receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp*., 385 F.3d 713, 719 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).  "'A party invoking [the] protections [of Rule 56(d)] must do so in good faith by affirmatively demonstrating...how postponement of a ruling on the motion will enable him...to rebut the movant's showing of the absence of a genuine issue of fact.'" *FTC v. E.M.A Nationwide, Inc*., 767 F.3d 611, 623 (6th Cir. 2014) (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc*., 520 F.2d 289, 297 (8th Cir. 1975)).[3]

---

[3] The Sixth Circuit has found that, in order to receive relief under Rule 56(d), "the non-movant must file an affidavit pursuant to Fed. R. Civ. 56(d) that details the discovery needed, or file a motion for additional discovery." *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022).  If the nonmovant elects to file a motion, it too "must be supported by a proper 'affidavit or declaration.'" *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (quoting Rule 56(d)).  The Sixth Circuit has noted that the filing of an affidavit "that complies with Rule 56(d) is essential, and [ ] in the absence of such a motion or affidavit, [courts] 'will not normally address whether there was adequate time for discovery.'" *Unan v. Lyon*, 853 F.3d 279, 292 (6th Cir. 2017) (quoting *Plott v. Gen. Motors Corp*., 71

Substantively, Rule 56(d) has been interpreted as requiring a requesting party to "indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). *See also Doe*, 928 F.3d at 490. "The party opposing a motion for summary judgment...possesses no absolute right to additional time for discovery under Rule 56." *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989). For this reason, a Rule 56(d) request may be properly denied where the requesting party "makes only general and conclusory statements [ ] regarding the need for more discovery," *Ball,* 385 F.3d at 713 (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir.1999)), or where the affidavit (or declaration) "lacks 'any details' or 'specificity.' " *Id.* (quoting *Emmons*, 874 F.2d at 357). In addition, "'[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided.'" *In re Bayer Healthcare*, 752 F.3d 1065, 1074 (6th Cir. 2014) (quoting *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005)). *See also Doe*, 928 F.3d at 490. The decision on whether to grant a Rule 56(d) motion falls within the district court's sound discretion. *See Ball,* 385 F.3d at 720.

Plaintiff explains that the municipal records could be material to the case because "[a]ny city inspections findings regarding blockages, main-line failures, lateral issues, or capacity constraints may directly corroborate Plaintiff's account of a sudden, accidental event and contradict Defendant's coverage denial." (Doc. No. 26, PageID#s 565-66.) But Plaintiff does not appear to have access to these purportedly pivotal documents. *See* (Doc. Nos. 29, 32.) Indeed, it is unclear whether the City of Cleveland even conducted inspections in the surrounding sewers or if it did, that any such

---

F.3d 1190, 1196 (6th Cir. 1995)).

uncovered a blockage.  Thus, Plaintiff's request leaves this Court uncertain as to whether these documents exist and if they do exist, whether they support Plaintiff's claims.  More notably, Plaintiff does not show how or why he was prevented from unearthing this information sooner.  Plaintiff merely explains that he was previously unaware that city-side documentation would exist.  *See* (Doc. No. 26, PageID# 566.)  Plaintiff's lack of knowledge as to the potential existence of these documents does not present a sufficient basis on which this Court should re-open discovery.  This Court finds no basis exists under Rule 16 or 56 of the Federal Rules of Procedure to support Plaintiff's request for additional discovery.  Thus, this Court denies Plaintiff's Motion for Leave to Supplement the Record and the Motion to Issue Subpoenas (Doc. Nos. 29, 32.)

### C. Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings (Doc. No. 30)

In the Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings, Plaintiff seeks "(1) [a]dditional time to prepare and file responses to Defendant's motions for summary judgment; (2) [f]lexibility with filing deadlines when medically necessary; and (3) [a]ny other reasonable scheduling accommodations the Court deems appropriate."  (Doc. No. 30, PageID# 598) (cleaned up).  As support for these requests, Plaintiff references the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., the Rehabilitation Act, 29 U.S.C. § 794, and the United States Supreme Court's decision in *Tennessee v. Lane*, 541 U.S. 509 (2004).[4]  In the Opposition, Defendant argues that Plaintiff has already filed his opposition to the Motion for Summary Judgment and points out that Plaintiff seeks "open-ended

---

[4] This case is inapposite to this case because in *Lane*, one of the respondents, a paraplegic who relied on a wheelchair for mobility, sued the State of Tennessee after he was jailed for failing to appear after he refused to crawl up the stairs to second floor of a courthouse that lacked an elevator.  541 U.S. at 514.

extensions untethered to any concrete need." (Doc. No. 31, PageID# 605.)

This Court agrees with Defendant. Plaintiff has already filed his opposition to the Motion for Summary Judgment. *See* (Doc. No. 25.) He does not identify any other deadlines for which he would need an extension in order to comply. In fact, there are no deadlines currently set in this case as those that were set by the Magistrate Judge have passed and no pre-trial and trial deadlines have been set while Defendant's Motion for Summary Judgment is pending. Thus, this Court denies the Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings. (Doc. No. 30.)

## III.    Conclusion

For the reasons contained herein, Plaintiff's Motion for Leave to File Sur-Reply and Proposed Sur-Reply in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 28), Motion for Leave to Supplement the Record with Public Records and for Extension of Time to File Same (Doc. No. 29), Motion for Reasonable ADA Accommodation and Request for Extension of Time to Respond to Defendant's Summary Judgment Filings (Doc. No. 30), and Motion to Issue Subpoenas (Doc. No. 32) are denied.

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  July 1, 2026                    U.S. DISTRICT JUDGE

12